Filed 7/21/26  P. v. Douglass CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>TYLER KEITH DOUGLASS,<br><br>        Defendant and Appellant. | F089015<br><br>(Super. Ct. No. BF192903B)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ivan P. Marrs and Viktoriya Chebotarev, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Appellant Tyler Keith Douglass, while serving a prison sentence, participated in an assault with two other inmates upon fellow prisoner, Micheal Iverson, and Iverson died as a result of the attack.

A jury convicted appellant of involuntary manslaughter (Pen. Code,[1] § 192, subd. (b); count 1)[2] and assault by a prisoner by means likely to produce great bodily injury (§ 4501, subd. (b); count 2). The jury also found true that during the commission of count 2, appellant did personally inflict great bodily injury under both section 12022.7, subdivision (a) and, as relevant to the issue on appeal, section 12022.7, subdivision (b), finding specifically that the inflicted injury caused Iverson to become comatose or suffer paralysis of a permanent nature. In a bifurcated court trial, the trial court found true that appellant had suffered two strike priors (§§ 667, subds. (c)-(j); 1170.12, subds. (a)-(e)).[3]

As to count 2, appellant was sentenced to a prison term of 25 years to life plus five years for the great bodily injury enhancement under section 12022.7, subdivision (b). The court imposed and stayed the three-year enhancement under section 12022.7, subdivision (a) (Cal. Rules of Court, rule 4.447;). Punishment on count 1 was stayed pursuant to section 654.

---

[1]    All further undesignated statutory references are to the Penal Code.

[2]    The jury found appellant guilty of involuntary manslaughter as a lesser included offense of the charged crime, premeditated murder (§ 187, subd. (a)).

[3]    Appellant's prior strike convictions – first degree burglary (§ 459, subd. (a)) and grand theft of a firearm (§ 487, subd. (d)(2)) – were also alleged and found true at the court trial to be prior serious felonies under section 667, subdivision (a). At sentencing, however, the court struck the section 667, subdivision (a) enhancements in the interest of justice based on the "circumstances" of the case where appellant was a "coconspirator" and his youth at the time of the offense.

The trial court also found true several alleged aggravating circumstances.

2.

Appellant appealed from the judgment of his conviction, initially arguing the trial court erred by (1) declining his *Romero*[4] invitation to strike one of his strike priors and (2) imposing the great bodily injury enhancement, in contravention of section 1385, subdivision (c), and thus the matter must be remanded for resentencing. Respondent disagreed and further pointed out the abstract of judgment contained errors, which this court should correct.

While this appeal was pending, we granted appellant leave to submit a supplemental brief. In his supplemental brief, appellant argued the true finding on the great bodily injury enhancement imposed pursuant to section 12022.7, subdivision (b) must be reversed because the evidence was insufficient to prove that Iverson became comatose before dying and that he is entitled to a full resentencing hearing. Respondent agrees.

Accepting respondent's concession, we reverse the jury's true finding on the enhancement alleged under section 12022.7, subdivision (b). We vacate the sentence and remand the matter for resentencing. In all other respects, we affirm the judgment.

As for the issues raised in the initial briefing in this appeal, we conclude we need not reach them because the matter being remanded for resentencing has rendered them moot.

**FACTS**

On March 7, 2022, at one of the Wasco State Prison reception center dorms, appellant and his codefendants, Benjamin Kolehmainen and Joshua Mitchell, began striking fellow inmate Michael Iverson with their fists in the facial area and upper body. Iverson fell to the ground, at which point, the perpetrators continued to strike him, ignoring correctional officers' commands to stop. They only stopped when correctional

---

[4] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

officers pepper sprayed them. Iverson was not observed to move after he fell to the ground, and he was unresponsive at the conclusion of the attack. A responding correctional officer observed Iverson was not breathing and attempted to administer CPR to no avail. Iverson was later determined to have died from blunt force head and anterior neck trauma.

**DISCUSSION**

**I.      Sufficiency of Evidence to Support the Section 12022.7, Subdivision (b) Enhancement**

In assessing a claim of insufficiency of the evidence, we review "the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible and of solid value— from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Snow* (2003) 30 Cal.4th 43, 66.) Reversal on insufficiency of the evidence is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction]." (*People v. Redmond* (1969) 71 Cal.2d 745, 755.)

Section 12022.7, subdivision (b) provides: "Any person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony which causes the victim to become comatose due to brain injury or to suffer paralysis of a permanent nature shall be punished by an additional and consecutive term of imprisonment in the state prison for five years."

"As used in this subdivision, 'paralysis' means a major or complete loss of motor function resulting from injury to the nervous system or to a muscular mechanism." (§ 12022.7, subd. (b).) "[A] victim is comatose, for purposes of the enhancement, if [he]

4.

is in a state resembling a coma characterized by profound unconsciousness." (*People v. Cunningham* (2016) 244 Cal.App.4th 1049, 1054.)

Here, the evidence established that Iverson was rendered unresponsive as a result of the attack and died from injuries to his brain. Respondent concedes that the evidence fails to prove Iverson was ever comatose.

Without further discussion, we accept this concession and reverse the true finding on the enhancement.[5]

## II.    Appellant's Remaining Contentions

The parties agree that appellant is entitled to resentencing, at which the trial court can exercise its sentencing discretion in light of the changed circumstances. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893.) As such, we need not reach appellant's remaining contentions. At his resentencing, appellant will have the opportunity to make any arguments regarding the court's discretionary choices, including an invitation to strike a strike prior or request to strike any enhancements.

We make no comment on the merits of appellant's claims in his initial briefing in the present appeal or on how the trial court should exercise its discretion upon resentencing.

We also need not address alleged errors in the abstract of judgment, as we rest assured an accurate amended abstract of judgment will be prepared following appellant's resentencing.

---

[5]    In appellant's codefendant's appeal, *People v. Kolehmainen* (July 16, 2025, F087788 [nonpub. opn.]), this court concluded, based on similar reasoning to that in the supplemental briefing, that the evidence presented in the underlying trial was insufficient to support the true finding on the section 12022.7, subdivision (b) enhancement imposed in Kolehmainen's case and remanded the matter for resentencing.

## **DISPOSITION**

The jury's true finding on the enhancement alleged under section 12022.7, subdivision (b) is reversed.  The sentence is vacated, and the matter is remanded for resentencing.  The judgment is otherwise affirmed.


                                                       DE SANTOS, J.

WE CONCUR:


LEVY, Acting P. J.


SNAUFFER, J.